JASON J. KENNEDY, ESQ.; SBN: 265391
Jason@JJKLegal.com
KENNEDY LAW FIRM
3444 Camino del Rio North, Suite 106
San Diego, California 92108
Tele/Fax: (619) 764-6999

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE TILE INDUSTRY HEALTH AND WELFARE FUND,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA GRANITE & FLOORING, INC., a California corporation,<br><br>Defendant. | CASE NO.: '20CV0164 LAB KSC<br><br>**COMPLAINT FOR BREACH OF WRITTEN COLLECTIVE BARGAINING AGREEMENT AND RELATED TRUST AGREEMENTS and VIOLATION OF SECTION 515 OF ERISA** |

Plaintiff BOARD OF TRUSTEES OF THE TILE INDUSTRY HEALTH AND WELFARE FUND complains and alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this case under Section 502(e) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C § 1132(e), which grants the United States District Courts jurisdiction over civil actions brought by a fiduciary pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA. Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in Section 502(f) of ERISA, 29 U.S.C. § 1132(f).

2. This Court also has jurisdiction over this case pursuant to Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185(a), which grants the United States District Courts original jurisdiction over suits for violation of contracts between an employer and a labor organization in an industry affecting commerce, without respect to the amount in controversy and the citizenship of the parties.

3. Defendant CGF (defined *infra*) has its principal place of business in Escondido, California. Venue is therefore proper in this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Section 301(a) of the LMRA, 29 U.S.C. § 185(a), as it is the district in which the defendant resides or may be found, it is the district in which the relevant acts took place, and it is the district in which monies are due and payable.

4. To the extent this Complaint sets forth any state law claims, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

## **PARTIES**

5. Plaintiff BOARD OF TRUSTEES OF THE TILE INDUSTRY HEALTH AND WELFARE FUND ("Plaintiff") is the governing body of the Tile Industry Health and Welfare Fund; aka Tile Insurance Trust Fund. The Tile Industry Health and Welfare Fund; Tile Industry Retirement Savings Trust Fund; Bricklayers & Trowel Trades International Pension Fund; Joint Apprenticeship Trust Fund Tile Laying Industry; Tile and Marble Labor Management Trust; International Masonry Institute; Southern California Tile, Marble & Terrazzo Compliance Trust Fund; Tile Employers Contract Administration Fund (collectively "Trust Funds") are jointly administered labor management trust funds which were established and are maintained according to the provisions of their respective Agreements and Declarations of Trust, pursuant to LMRA § 302(c)(5), 29 U.S.C. § 186(c)(5).

6. The Tile Industry Health and Welfare Fund is authorized by the respective Boards of Trustees of the Trust Funds to receive and collect contributions on behalf of

the Trust Funds. The Trust Funds are multiemployer plans within the meaning of ERISA §§ 3(37)(A) and 515, 29 U.S.C. §§ 1002(37)(A) and 1145. Plaintiff is a fiduciary with respect to the Tile Industry Health and Welfare Fund within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

7. The Trust Funds are each duly organized and operating in this State, or Washington, D.C.

8. The Trust Funds are now, and were at all times material to this action, labor management multiemployer trusts created and maintained pursuant to Section 302(c) of the LMRA, 29 U.S.C. § 186(c).

9. The Tile Industry Health and Welfare Fund provides employee benefits pursuant to a multiemployer plan as defined in ERISA section 3(37)(A), 29 U.S.C. § 1002(37)(A).

10. Defendant CALIFORNIA GRANITE & FLOORING, INC., a California corporation ("Defendant CGF") is, and at all times relevant herein was, a corporation organized and existing under the laws of the State of California with its principal place of business in Escondido, California.

## BACKGROUND FACTS

11. Defendant CGF has, at all times relevant herein, been signatory to the collective bargaining agreement between the Associated Tile Contractors of Southern Associated Tile Contractors of Southern California and the Bricklayers and Allied Craftworkers Local No. 4, California ("CBA"). The CBA incorporates, and Defendant CGF agreed to be bound by, the respective Agreement and Declarations of Trust and plan documents of each of the Trust Funds ("Trust Agreement" and together with the CBA, "Agreements"). A true and correct copy of the Tile Layer, Tile Finisher & Marble Finisher Agreement covering the period of July 1, 2017 through May 31, 2020 is attached hereto and incorporated herein by reference as Exhibits "A."

12. The Agreements require contributions to be paid to the Trust Funds, calculated upon each hour of covered work performed by employees performing work

within the scope defined in the CBA. The Trust Funds provide benefits such as pension, health and welfare, and educational benefits to employees performing brick and tile work for signatory employers.

13. Under the Agreements, Defendant CGF is/was required to submit remittance reports and contributions to Plaintiff at the rates set forth in the Wage Benefit Addendum to the CBA.

14. Particularly, Defendant CGF agreed to prepare and submit true, complete and accurate written monthly contribution reports ("reports") to Plaintiff on a timely basis showing the identities of its employees performing work covered by the Agreements, and the number of hours worked by or paid to these employees.

15. Defendant CGF further agreed to submit the reports and employer contribution payments ("contributions") in the amounts required by the Agreements to Plaintiff by the last day of the calendar month following the month in which the related hours were worked, and if not so submitted, is deemed delinquent and in violation of the Agreements.

16. Defendant CGF is also required to permit periodic audits by Plaintiff under the terms of the Agreements.

17. Under the Agreements, in the event of a delinquency, in addition to the contributions, Defendant CGF is liable for interest at the rate of ten percent (10%) per annum from the contribution due date until paid, liquidated damages calculated at the rate of twelve percent (12%) per annum, and all other costs and expenses including, but not limited to, attorney's fees and costs, and audit fees and costs, incurred by Plaintiff.

## FIRST CLAIM FOR RELIEF
## BREACH OF WRITTEN COLLECTIVE BARGAINING
## AGREEMENTS AND RELATED TRUST AGREEMENTS

18. Plaintiff hereby incorporates by reference paragraphs 1 through 17 above to the same effect as if set forth verbatim here.

19. Plaintiff is informed and believes, and alleges thereon, that at relevant times herein, Defendant CGF performed work covered by the Agreements for which it failed to pay contributions, in violation of the Agreements.

20. At the time this Complaint is filed, Plaintiff is informed and believes that CGF failed to provide payment for projects that were reported to Plaintiff, for the time period of July 2018 through September 2019, in an amount exceeding $55,765.28, including interest and liquidated damages accrued through January 31, 2020.

21. Additionally, on or about January 21, 2020, the Trust Fund's auditor issued a preliminary audit showing a total of $24,481.27, due and owing to the Trust Fund.  This audit included $16,506.83 in contributions, an audit fee of $1,800.00, interest in the amount of $2,811.67, and liquidated damages in the amount of $3,362.77.  This audit is related to hours worked by CGF employees that were not properly reported to Plaintiff for the time period of January – December 2018.

22. Further amounts may be due or become due subsequent to the filing of this Complaint.

23. By reason of the foregoing, Plaintiff is informed and believes that Defendant CGF has failed to pay contributions, interest and liquidated damages in an amount exceeding $80,246.55.  There is no legal excuse for Defendant CGF's breach of the Agreements.

24. Plaintiff warrants that all conditions, covenants and promises on their part that are or were required to be performed as conditions precedent for Defendant CGF's performance under the Agreements have been properly performed.

25. It has been necessary for Plaintiff to engage legal counsel and incur costs for the purpose of collection of contributions and other amounts.  Plaintiff is entitled to reasonable attorney's fees and costs, and audit fees and costs, in connection therewith pursuant to the Agreements.

26. The Agreements do not require Plaintiff to exhaust administrative remedies before initiating this action.

Complaint                                                                                                           Case No.:

## SECOND CLAIM FOR RELIEF
## VIOLATION OF SECTION 515 OF ERISA

27. Plaintiff hereby incorporates by reference paragraphs 1 through 26 above to the same effect as if set forth verbatim here.

28. Pursuant to Section 515 of ERISA, 29 U.S.C. § 1145, "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

29. At the time this Complaint is filed, Plaintiff is informed and believes that CGF failed to provide payment for projects that were reported to Plaintiff, for the time period of July 2018 through September 2019, in an amount exceeding $55,765.;28, including interest and liquidated damages accrued through January 31, 2020.

30. Additionally, on or about January 21, 2020, the Trust Fund's auditor issued a preliminary audit showing a total of $24,481.27, due and owing to the Trust Fund. This audit included $16,506.83 in contributions, an audit fee of $1,800.00, interest in the amount of $2,811.67, and liquidated damages in the amount of $3,362.77. This audit is related to hours worked by CGF employees that were not properly reported to Plaintiff for the time period of January – December 2018.

31. Further amounts may be due or become due subsequent to the filing of this Complaint.

32. By reason of the foregoing, Plaintiff is informed and believes that Defendant CGF has failed to pay contributions, interest and liquidated damages in an amount exceeding $80,246.55. There is no legal excuse for Defendant CGF's violation of breach of Section 515 of ERISA, 29 U.S.C. § 1145.

33. It has been necessary for Plaintiff to engage legal counsel and incur costs for the purpose of collection of contributions and other amounts. Plaintiff is entitled to

//

reasonable attorney's fees and costs, and audit fees and costs, in connection therewith pursuant to the Agreements and 29 U.S.C. § 1132(g)(2).

34. The Agreements do not require Plaintiff to exhaust administrative remedies before initiating this action.

### THIRD CLAIM FOR RELIEF
### AUDIT

35. Plaintiff hereby incorporates by reference paragraphs 1 through 34 above to the same effect as if set forth verbatim here.

36. An audit of Defendant's books and payroll records for the period of January 2018 to the present will permit Plaintiff to determine the number of employees working under the CBA, the number of hours worked by employees, the correct contribution rates, and the amounts owed to the Trust Funds pursuant to the Agreements.

37. Under the terms of the Agreements, the Plaintiff and Trust Funds are entitled to conduct an audit of Defendant's books and payroll records, and the Agreements further provide for an award of audit fees and costs.

38. When Plaintiff's auditor attempted to audit CGF, CGF failed to provide all necessary records to complete the audit, and the audit dated January 21, 2020 was completed without all necessary records. Plaintiff requires that CGF be fully compliant with the auditor to fully conduct all audits.

### PRAYER FOR RELIEF

WHEREFORE, on the First and Second Claim for Relief, Plaintiff prays for a judgment against Defendant CGF as follows:

1. For unpaid fringe benefit contributions, interest, audit fee, and liquidated damages of at least $80,246.55, in an amount to be shown through proof at trial;

2. For pre-judgment interest on all contributions due at the contractual rate in an amount to be shown through proof at trial;

//

3. For liquidated damages on all contributions due at the contractual rate in an amount to be shown through proof at trial;

4. For attorney's fees and costs;

5. For audit expenses of at least $1,800.00 in an amount to be shown through proof at trial; and

6. For such other and further relief as the Court may deem just and proper.

WHEREFORE, on the Third Claim for Relief, Plaintiff prays for a judgment against Defendant CGF as follows:

1. For an Order requiring Defendant CGF to submit all payroll books and records to the Plaintiff for an audit, at the Defendant's expense, for the period of January 2018 through the date such an audit is completed;

2. For all amounts owed to Plaintiff under the Agreements uncovered as a result of the audit, including contributions, interest, liquidated damages, and audit fees; and

3. For such other and further relief as the Court may deem just and proper.

DATED: January 24, 2020                    KENNEDY LAW FIRM


                                           By: S/Jason J. Kennedy_____
                                               Jason J. Kennedy, Esq.
                                               Attorney for Plaintiff
                                               Email:  Jason@JJKLegal.com

Complaint                                                                    Case No.: